

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JM:MLY
F.#2008R01021

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 11, 2011

BY ECF and Hand

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. George Kourkounakis,
           Criminal Docket No. 09-306 (BMC)

Dear Judge Cogan:

      The government submits this letter in response to the defendant's memorandum of February 5, 2011, and in anticipation of sentencing, which is scheduled for February 18, 2011.

      The defendant argues that "a prison sentence is unnecessary to deter <u>him</u> from any further criminal conduct." (Def. Mem. 13)(emphasis added), and thus a prison term is not needed to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The argument conflates "specific" deterrence, <u>i.e.</u>, the need to deter this particular defendant from committing new crimes, with "general" deterrence, the need to deter other persons from committing crimes.[1] In fact, the defendant's sentencing memorandum is almost entirely devoted to arguments concerning specific deterrence, and does not adequately address other purposes of sentencing: deterring other tax cheats, promoting respect for the rule of law, and providing just punishment for a serious, multi-year tax offense.

      As the presentence investigation report makes clear, the defendant evaded both corporate and personal taxes. In the five tax years from 2003 to 2007, the defendant cheated the federal government out of $1,314,390.97 from his business and underreported his personal income by $100,000 each year. (PSR ¶

---

[1]     The two forms of deterrence are distinct goals of sentencing, as the statute recognizes; specific deterrence is addressed by § 3553(a)(2)(C), while general deterrence is addressed by § 3553(a)(2)(B).

7).[2] In other words, for half a decade the defendant hid most of his business, and more than half of his personal income, from the IRS. (PSR ¶¶ 7, 58 and 59). These facts are inconsistent with the defendant's claim that he did not "pocket the proceeds" of his crime or "pay himself a large salary." (Def. Mem. 1). They are also in tension with the defendant's claim that there is no longer any need for specific deterrence.

The defendant urges that the Court "adopt" a guidelines range with a base offense level of 18, based on a loss of $400,000. However, the defendant provides no basis to conclude that the tax loss from his crime was less than $1,000,000, which results in a base offense level of 22. (PSR ¶ 13). In fact, as the PSR indicates, the loss was not only far above $400,000, it was also significantly above $1,000,000.

The defendant has made significant steps toward financial restitution for his crimes, but his proposed sentence of probation would not "promote respect for the law" nor "provide just punishment for the offense." 18 U.S.C. § 3553(a). The need to deter tax fraud is too great, and the defendant's offense is too serious. The sentencing guidelines call for a sentence of 30-37 months, and such a sentence would be reasonable here.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York

By: /s/
    Michael L. Yaeger
    Assistant U.S. Attorney
    (718) 254-6075

cc: Steve Zissou, Esq.

---

[2] These figures actually understate the total tax loss because they do not include taxes lost by New York state and New York City. (See PSR ¶ 76).